FILED
SUPERIOR COURT
OF GUAM

2021 FEB 12 PM 5: 06

CLERK OF COURT

By'

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>JESSE FRANK SANTOS,<br>DOB: 12/04/1987<br><br>Defendant. | Case No. CF0313-18<br><br>**DECISION AND ORDER**<br>(People's Motion to Revoke Probation) |

## INTRODUCTION

This matter is before the Honorable Arthur R. Barcinas. Alternate Public Defender Ana Maria C. Gayle represents Defendant Jesse Santos ("Defendant"). Assistant Attorney General Christine Santos Tenorio represents the People of Guam ("the People"). Having considered the arguments and the applicable law, the Court hereby **GRANTS** the People's Motion to Revoke Probation.

## BACKGROUND

On September 12, 2018, Defendant pled guilty to one count of Retail Theft (as a Misdemeanor) and one count of Theft of Property (as a Misdemeanor). Under the plea agreement, Defendant was sentenced to two years' incarceration, all suspended. At the time Defendant entered his plea deal in the instant matter, he was being held on a parole revocation in CF0793-15, in which he pled guilty to Possession of a Controlled Substance with Intent to Deliver (as a First Degree Felony). Among other conditions, the Plea Agreement in the instant matter requires Defendant to complete the following: (1) pay an eighty dollar ($80.00) fine, (2) pay eighty dollars ($80.00) in court costs, (3) take Petty Theft Diversion Program ("PTDP")

classes and pay the associated cost of fifty dollars ($50.00), (4) take classes at Client Services and Family Counseling Individual Counseling Program ("CSFC ICP"), and (5) perform fifty (50) hours of community service.

The Probation Division filed its First Violation Report on November 8, 2019, indicating that Defendant violated numerous conditions of his probation, namely that Defendant (1) failed to make payments toward his court fine of $80.00, (2) failed to make payments toward his court costs of $80.00, (3) failed to attend and complete the PTDP classes, (4) failed to make payments towards his PTDP costs of $50.00, (5) failed to complete CSFC ICP sessions, and (6) failed to complete his community service requirements. The issue came before the Court for a Violation Hearing on February 13, 2020, in which Defendant failed to appear and the Court therefore issued a Bench Warrant. Defendant was arrested on March 5, 2020, and appeared on March 6, 2020. The Court released Defendant with the order to report to the Probation Division weekly.

On March 6, 2020, Defendant was detained due to parole violations in CF0793-15. The Probation Division filed its Second Violation Report on May 29, 2020, indicating that Defendant again violated numerous conditions of his probation.[1] On June 26, 2020, Defendant was released in CF0793-15 to continue his parole.

The Probation Division filed its Third Violation Report on July 1, 2020, indicating that Defendant failed to check-in or contact the Probation Office since his release from the Department of Corrections on June 26, 2020, and Defendant still failed to satisfy the conditions of probation which led to the filing of the First and Second Violation Reports. The Probation Division also indicated its unsuccessful attempts at contacting Defendant.

---

[1] The Second Violation Report alleges the same six violations as the First Violation Report.

The Probation Division filed its Fourth Violation Report on August 31, 2020, indicating that Defendant violated his probation conditions by failing to obey Guam's laws. Specifically, on August 28, 2020, Defendant was arrested and charged with Theft by Receiving a Motor Vehicle (As a Second Degree Felony), initiating criminal case CF0470-20. That same day, Defendant appeared before the Court for a magistrate hearing and was remanded to the Department of Corrections. The Probation Division also indicated that there was a pending arrest warrant in the instant case, CF0313-18.

On November 25, 2020, the People filed a Motion to Revoke Probation on the grounds that Defendant inexcusably failed to comply with substantial requirements of his probation. On December 30, 2020, Defendant filed an Opposition to the People's Motion for Revocation of Probation, arguing that (1) revocation does not satisfy the ends of justice and the best interests of the public, and (2) Defendant still has access to and can still benefit from treatment, and there is no empirical evidence to suggest that any treatment offered while incarcerated is equivalent to or better than the services offered while on probation. Defendant requests that the Court give him credit for his time spent in custody toward his fine and community service and close the case. The Court took this matter under advisement on December 31, 2020.

## DISCUSSION

If the court is satisfied that a defendant has inexcusably failed to comply with a substantial requirement of probation, the court may revoke the probation and sentence or re-sentence the defendant, but only if the court determines that under all the circumstances revocation will best satisfy the ends of justice and the best interests of the public. 9 G.C.A § 80.66(a)(2).

Probation revocation is a two-step process. First, the trial court must determine if a probation violation occurred. If a violation is proven, then the court must determine if the

Page 3 of 5

violation warrants revocation of probation. *People of Guam v. Camacho*, 2009 Guam 6 ¶ 27. If the court revokes probation, it may impose any sentence that might have been imposed originally for the crimes of which the offender was convicted. 9 G.C.A § 80.66(b).

Defendant does not dispute that he has violated the terms of his probation. The sole question before the Court is whether Defendant's violations warrant revocation of probation. Defendant argues that (1) revocation would not best satisfy the ends of justice and the best interests of the public, and (2) that he still has access and can benefit from treatment and that there is absolutely no empirical evidence to suggest that treatment offered while incarcerated is equivalent to or better than the services offered while on probation. Opp'n at 2–3.

**A. Revocation will best satisfy the ends of justice and the public's best interest.**

Here, Defendant's argument that revoking his probation does not best satisfy the ends of justice and the best interests of the public fails in two ways. First, like the defendant in *Camacho*, Defendant failed to check-in or make any contact with probation even after he was released in CF0793-15. "[P]rotection of the public depends in part on maximum contact between a probation officer and probationer." *Camacho* ¶ 32. Defendant's lack of contact with the Probation Division curtails protection of the public. This conclusion is also supported by the fact that while Defendant was released and failing to report, he was charged with another theft-related felony. Furthermore, Defendant has displayed a history of offending the ends of justice and the Court's trust by twice violating his parole in CF0793-15, violating probation four times in CF0313-18, and by being charged in a new case (CF0470-20) while on probation. Defendant's history with both probation and parole reveals a consistent inability to comply with release conditions, supporting the conclusion that revocation will best serve the ends of justice and the public's best interests.

**B. Defendant's actions indicate that he is unwilling to take advantage of the treatment imposed on him as a probation condition.**

Next, Defendant claims that the treatment offered while incarcerated is not equivalent to or better than the services offered while on probation. Probation is a favor granted by the state, not a right to which a criminal defendant is entitled. *Camacho* ¶ 26. In the instant case, the Court granted the favor, on behalf of the state, for Defendant to receive treatment in the form of Petty Theft classes and ICP counseling as part of Defendant's probation conditions. Instead of taking advantage of this opportunity, Defendant chose to violate his probation conditions by failing to attend and complete treatment. Regardless of its quality, treatment will not benefit Defendant if he refuses to take advantage of it. Instead of demonstrating a willingness to improve, make efforts, and take advantage of this opportunity, Defendant chose not to complete classes, counseling, community service, pay fees and costs due, and was arrested in a new case. The quality of treatment Defendant receives as a result of revocation is of his own doing.

## CONCLUSION

For the above reasons, the Court **GRANTS** the People's Motion for Revocation. Defendant is hereby sentenced to two years' incarceration as contemplated in the plea agreement, with credit for time served.

**IT IS SO ORDERED** ___FEB 1 2 2021___.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
___AG, APD___

Date:___2/17/21___ Time: ___5:13pm___
Antonio P. Cruz
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam